**Case No. 19-5370**
_____

# IN THE
# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

_____

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

DERIC LOSTUTTER,
*Defendant-Appellant*.

_____

**On Appeal from the United States District Court
for the Eastern District of Kentucky
Case Number 5:16-cr-00062-DCR**
_____

**BRIEF IN SUPPORT OF
MOTION TO WITHDRAW AS COUNSEL
IN ACCORDANCE WITH *ANDERS V. CALIFORNIA***
_____

VICKI LYNN WARD
THE BRADLEY BUILDING
1220 WEST SIXTH STREET, SUITE 203
CLEVELAND, OHIO 44113
(216) 696-5580

*Counsel for Defendant-Appellant Deric Lostutter*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

STATEMENT REGARDING ORAL ARGUMENT . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF JURISDICTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

STATEMENT OF THE ISSUE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

PREFACE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

      Facts Relevant To Issue Submitted . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

      Relevant Procedural History . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

      Ruling Presented For Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

DESIGNATION OF RELEVANT DISTRICT COURT DOCUMENTS . . . . . . 17

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

i

# TABLE OF AUTHORITIES

**FEDERAL CASES** **Page**

*Anders v. California*, 386 U.S. 738 (1967) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 11

*Gall v. United States*, 552 U.S. 38 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11-12

*United States v. Bissett*, 375 F. App'x 473 (6th Cir. 2010) . . . . . . . . . . . . . . . . . . . 13

*United States v. Bolds*, 511 F.3d 568 (6th Cir. 2007) . . . . . . . . . . . . . . . . . . . . 11, 14

*United States v. Cochrane*, 702 F.3d 334 (6th Cir. 2012) . . . . . . . . . . . . . . . . . . . . 14

*United States v. Greco*, 734 F.3d 441 (6th Cir. 2013) . . . . . . . . . . . . . . . . . . . . . . . 15

*United States v. Grossman*, 513 F.3d 592 (6th Cir. 2008) . . . . . . . . . . . . . . . . . . 13-14

*United States v. Jackson*, 466 F.3d 537 (6th Cir. 2006) . . . . . . . . . . . . . . . . . . . . . 14

*United States v. McBride*, 434 F.3d 470 (6th Cir. 2006) . . . . . . . . . . . . . . . . . . . . . 12

*United States v. Poynter*, 495 F.3d 349 (6th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . 14

*United States v. Shirley*, 574 F. App'x 714 (6th Cir. 2014) . . . . . . . . . . . . . . . . . . . 13

*United States v. Smith*, 505 F.3d 463 (6th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . 13

*States v. Smith*, 516 F.3d 473 (6th Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*United States v. Tristan-Madrigal*, 601 F.3d 629 (6th Cir. 2010) . . . . . . . . . . . . . 14

*United States v. Vowell*, 516 F.3d 503 (6th Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . 12

## FEDERAL STATUTES

18 U.S.C. § 371 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

18 U.S.C. § 1001(a)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

18 U.S.C. § 1030(a)(2)(C) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

18 U.S.C. § 1030(a)(5)(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

18 U.S.C. § 3231 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

18 U.S.C. § 3553(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 10, 11, 12-13, 14

18 U.S.C. § 3583(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

18 U.S.C. § 3583(g) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

28 U.S.C. § 1291 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

## FEDERAL RULES OF APPELLATE PROCEDURE

FRAP 32(a)(7)(B) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

## SIXTH CIRCUIT RULES

Sixth Cir. Rule 30(g) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

Sixth Cir. Rule 34 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Sixth Cir. Rule 101(f)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

## STATEMENT REGARDING ORAL ARGUMENT

Comes now, counsel for Defendant-Appellant Deric Lostutter ("Lostutter"), Vicki Lynn Ward, pursuant to Sixth Circuit Rule 34(b), and states that oral argument need not be presented. The facts and legal arguments are adequately presented in the ensuing Brief and record, and the decisional process would not be significantly aided by oral argument at this time.

## STATEMENT OF JURISDICTION

Defendant-Appellant Lostutter appeals the supervised release revocation judgment of United States District Court for the Eastern District of Kentucky taken on March 29, 2019.  (Revocation Judgment, R. 188, PageID #1323-28.)  The District Court originally exercised jurisdiction pursuant to 18 U.S.C. § 3231 and 18 U.S.C. § 3583(g).  The Sixth Circuit Court of Appeals has jurisdiction to hear the present appeal pursuant to 28 U.S.C. § 1291.

Mr. Lostutter timely filed a Notice of Appeal on April 12, 2019.  (Notice of Appeal, R. 189, PageID #1329-31.)

## STATEMENT OF THE ISSUE

Whether Mr. Lostutter has any non-frivolous issues that can be advanced on appeal.

# PREFACE

After carefully examining the record on appeal and researching the relevant law, undersigned counsel has concluded that this appeal presents no legally non-frivolous questions.   In reaching this conclusion, counsel has thoroughly scrutinized the record, including the indictment and the supervised release revocation hearing transcript, for any arguable violations of the U.S. Constitution, applicable federal statutes, the Federal Rules of Criminal Procedure, and the U.S. Sentencing Guidelines.   Because counsel has concluded that no non-frivolous issues are presented by this appeal, she requests leave to withdraw and submits this Brief in accordance with *Anders v. California*, 386 U.S. 738 (1967).

## STATEMENT OF THE CASE

### Facts Relevant To Issue Submitted

On July 7, 2016, a federal grand jury returned a four-count indictment which charged Mr. Lostutter with (1) conspiracy, in violation of 18 U.S.C. § 371 ("Count One"); (2) computer fraud, in violation of 18 U.S.C. § 1030(a)(2)(C) ("Count Two"); (3) computer fraud, in violation of 18 U.S.C. § 1030(a)(5)(A) ("Count Three"); and, (4) false statements to federal authorities, in violation of 18 U.S.C. § 1001(a)(2) ("Count Four"). (Indictment, R.1, PID# 1-9.) On November 23, 2016, Mr. Lostutter pleaded guilty to Counts One Four and the government dismissed Counts Two and Three. (Plea Agreement, R. 72, PID# 501-07.) On March 7, 2017, the district court sentenced Mr. Lostutter to twenty-four (24) months in prison and three (3) years of supervised release. (Judgment, R. 109, PID# 740-46.)

Mr. Lostutter's supervised release period began on September 11, 2018. (Pet. Warrant/Summons Offender Under Supervision, R. 179, PID# 1310-11.) On February 28, 2019, the government filed a Petition for Warrant or Summons for Offender Under Supervision, which requested revocation of Mr. Lostutter's supervised release. *Id.* The Petition alleged Mr. Lostutter violated two conditions of his supervision, to wit: unauthorized contact with a convicted felon and use of alcohol. *Id.* at PID# 1310. The district court issued a summons for Mr. Lostutter's appearance, which was returned executed on March 1, 2019. (Summons, R. 181.)

## Relevant Procedural History

Mr. Lostutter stipulated to the alleged violations at his supervised release revocation hearing. (Supervised Release Revocation Hr'g Tr., R. 198, PID# 1355-57.) In summary, Mr. Lostutter had begun a romantic relationship with an individual whom he was not permitted to contact and, separately, admitted to drinking beer when asked by his probation officer. *Id*. at PID# 1374-76.

In its acknowledgement of Mr. Lostutter's violations, defense counsel highlighted, among other things, Mr. Lostutter's apparent need for on-going mental health counseling for "stress, anxiety, [and] depression." *Id*. at PID# 1360. During its presentation, the government made the point that, Mr. Lostutter "is clearly very intelligent [and] capable," yet exhibits "an attitude of asking for forgiveness and asking for a change [in supervised release conditions] after committing the violation, instead of doing things the proper way involving the rules." *Id*. at PID# 1376. The government continued:

> . . . unfortunately, weekends, the four weekends [that Mr. Lostutter spent] in jail, did not instill [an] attitude of following the rules and following the proper procedure with this defendant. And so it does seem that there needs to be a next step up in terms of punishment in order to hopefully convince this defendant that he needs to follow the rules and follow the proper procedures.

*Id*. at PID# 1377.

The court agreed with the prosecution and turned to sentencing. *Id*. at PID#

1378-89.  With Grade C violations, Mr. Lostutter faced up to twenty-four (24) months of incarceration and the re-imposition of supervised release for up to thirty-six (36) months.  *Id*. at PID# 1378.  The district court noted that, although Grade C violations, they were

> serious violation[s], especially when we consider the fact that the defendant has a history of just not wanting to follow conditions that are set for him.  And if we go back and look at his attitude and his history, after his original sentence of 24 months, he initially tried to challenge the conditions of supervision.  That was not successful.  And the first series of violations, of course, he hired [private counsel] and actually tried to get injunctive relief to prevent the Court from proceeding on the violation.

> The Court ultimately on his earlier violation – did not revoke him, but imposed four weekends of intermittent confinement, continued him on supervision.

> He has taken the attitude that it's perhaps easier to get forgiveness than permission, but he's made a grave error in making that determination.

*Id*. at PID# 1378-79.

As outlined by 18 U.S.C. § 3553(a), the court thoroughly considered the nature and circumstances of Mr. Lostutter's most recent violations, as well as his history and characteristics, the matter of deterrence, all other factors, "including the need to provide the defendant with corrective treatment, including mental health treatment, which is need in this particular case," as well as any potential sentencing disparities.  *Id*. at PID# 1381-82.

7

Thereupon, the court concluded that "revocation is the appropriate penalty for the defendant's actions" given "this is the defendant's second time before the Court for violations of supervision. And while this is a grade C violation, revocation is not required and incarceration is not required. It is called for here based upon the defendant's conduct" despite the court's previous attempts to gain his compliance through less restrictive means. *Id*. at PID# 1381. The court made note that, 'while . . . this is not the most serious offense[ ], it does show a pattern of disrespect and a pattern of refusal to comply with the conditions imposed by the Court and instructions of the probation office. The defendant continues to demonstrate disrespect for the law through his conduct." *Id*. at PID# 1382. Thus, the court did "determine that a sentence in the middle of the guideline range of six months is appropriate" and re-imposed "supervision for the maximum term of 30 months" as "necessary to continue close supervision over this defendant to prevent further violations." *Id*. at PID# 1382, 1383. The court re-imposed all of the special conditions of Appellant's original supervised release. *Id*. at PID# 1384-88.

Neither the government, nor defense counsel objected to the court's revocation of Mr. Lostutter's supervised release, the penalty imposed, or any other issue not previously raised. *Id*. at PID# 1389. The court advised Mr. Lostutter of his appellate rights and adjourned the proceedings. *Id*. at PID# 1389-91.

8

**<u>Ruling Presented For Review</u>**

Mr. Lostutter wishes to appeal his sentence in the United States District Court for the Eastern District of Kentucky before the Honorable Danny C. Reeves. (Revocation Judgment, R. 188, PID# 1323-28; Notice of Appeal, R. 189, PID# 1329-31.)

## SUMMARY OF ARGUMENT

Mr. Lostutter cannot present any non-frivolous arguments to challenge the holding that he violated his supervised release because he admitted the violations. Mr. Lostutter also will be unable to challenge the sentence imposed upon revocation of his supervised release. Mr. Lostutter may believe that his sentence is procedurally or substantively unreasonable. Procedurally, he will be unable to establish that in imposing the sentence the district court erred by: improperly calculating the guidelines, failing to address the specific sentencing factors required for supervised release revocation under 18 U.S.C. § 3553(a), or failing to explain the reasons for the sentence. Substantively, Mr. Lostutter will not be able to establish that the district court chose the sentence arbitrarily, based it on impermissible factors, failed to consider pertinent § 3553(a) factors, or gave an unreasonable amount of weight to any one factor. Mr. Lostutter will not be able to overcome the heavy burden to show that his below-Guidelines sentence was substantively unreasonable.

## ARGUMENT

**ISSUE:**    **MR. LOSTUTTER HAS NO NON-FRIVOLOUS ISSUES THAT CAN BE ADVANCED ON APPEAL.**

After carefully examining the record on appeal and researching the relevant law, defense counsel has concluded that this appeal presents no legally non-frivolous questions.  In reaching this conclusion, counsel has thoroughly scrutinized the record, including the indictment and the supervised release revocation hearing transcripts, for any arguable violations of the U.S. Constitution, the applicable federal statutes, the Federal Rules of Criminal Procedure, and the U.S. Sentencing Guidelines.  Because counsel has concluded that no non-frivolous issues are presented by this appeal, she submits the following argument in accordance with *Anders v. California*, 386 U.S. 738 (1967).

## Standard of Review

Revocation sentences are reviewed under the same deferential abuse of discretion standard for reasonableness as other sentences.  *See United States v. Bolds*, 511 F.3d 568, 578 (6th Cir. 2007).  In reviewing for procedural reasonableness, a district court abuses its discretion if it "commit[s] [a] significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence . . . ."  *Gall v. United States*, 552 U.S. 38,

51 (2007).  A sentence may be substantively unreasonable if the district court selects the sentence arbitrarily, bases the sentence on impermissible factors, fails to consider pertinent § 3553(a) factors or gives an unreasonable amount of weight to any pertinent factor." *United States v. Vowell*, 516 F.3d 503, 510 (6th Cir. 2008) (alterations and internal quotation marks omitted).

## **Argument**

Mr. Lostutter wishes to appeal his sentence.  It appears that the only possible grounds upon which he could attack the sentence would be an argument that the sentence imposed was unreasonable.  This argument would not prove successful on this record.

### A. **Mr. Lostutter's sentence was procedurally reasonable.**

When a defendant violates a condition of his supervised release, a district court has considerable discretion to impose a sentence of imprisonment and/or additional supervised release after considering certain § 3553(a) factors.  In the context of a sentence imposed upon revocation of supervised release, the governing statute is 18 U.S.C. § 3583(e).  *United States v. Shirley*, 574 F. App'x 714, 717 (6th Cir. 2014).  Section 3583(e) directs courts to consider only select factors in § 3553(a) in making its assessment, namely, § 3553(a)(1) (the nature and circumstances of the offense and the history and characteristics of the defendant), § 3553(a)(2)(B) (deterrence considerations), § 3553(a)(2)(C) (protecting the public),

§ 3553(a)(2)(D) (effective treatment for the defendant), § 3553(a)(4) (the sentencing range), § 3553(a)(5) (any pertinent policy statements), § 3553(a)(6) (sentencing disparities), and § 3553(a)(7) (restitution). *Id.*

Upon review of the record, it is apparent that the district court evaluated all of these factors when imposing Mr. Lostutter's sentence. In fact, the district court evaluated almost all of the sentencing factors under 18 U.S.C. § 3553(a), even those factors which it did not have to, such as reflecting the seriousness of the offense and promoting respect for the law.

Even if the district court had not been so thorough, this Court has observed that a district court "need not explicitly reference each of the [§] 3553(a) factors" in its sentencing determination; but simply there must be "sufficient evidence in the record to affirmatively demonstrate the court's consideration of them." *United States v. McBride*, 434 F.3d 470, 475 n.3 (6th Cir. 2006) (citation omitted). This Court has also reiterated that it has never required a "ritual incantation of the factors to affirm a sentence." *United States v. Bissett*, 375 F. App'x 473, 477 (6th Cir. 2010); *see also United States v. Smith*, 505 F.3d 463, 467 (6th Cir. 2007). In sum, the procedural reasonableness calculus requires that the district court "properly calculate the guidelines range, treat the guidelines as advisory, consider the § 3553(a) factors and adequately explain the chosen sentence -- including an explanation for any variance from the guidelines range." *United States v.*

*Grossman*, 513 F.3d 592, 595 (6th Cir. 2008).  The district court met all of these requirements when sentencing Mr. Lostutter.  For this reason, Mr. Lostutter does not have a non-frivolous procedural reasonableness argument.

### B. <u>Mr. Lostutter's sentence is substantively reasonable.</u>

The essence of a substantive-reasonableness claim is whether the length of the sentence is "greater than necessary" to achieve the sentencing goals set forth in 18 U.S.C. § 3553(a).  *United States v. Tristan-Madrigal*, 601 F.3d 629, 632-33 (6th Cir. 2010).  Sentencing decisions, however, are given considerable deference by this Court due to trial judges' experience in sentencing.  *United States v. Poynter*, 495 F.3d 349, 351-52 (6th Cir. 2007).  Indeed, this Court has previously held that the fact that the court could have imposed a shorter sentence does not demonstrate unreasonableness.  *United States v. Smith*, 516 F.3d 473, 478 (6th Cir. 2008).

Further, "[t]he fact that the district court did not give the defendant the exact sentence he sought is not a cognizable basis to appeal, particularly where the district court followed the mandate of section 3553(a) in all relevant respects."  *United States v. Jackson*, 466 F.3d 537, 540 (6th Cir. 2006).  Finally, this Court has repeatedly applied "a rebuttable presumption of substantive reasonableness" to "sentences within the Guidelines."  *United States v. Cochrane*, 702 F.3d 334, 345 (6th Cir. 2012) (quoting *Bolds*, 511 F.3d at 581).  An appellant who seeks to challenge the substantive reasonableness of below-Guidelines sentences have a

particularly "heavy burden." *United States v. Greco*, 734 F.3d 441, 450 (6th Cir. 2013).

As discussed above, the district court considered several factors when imposing Mr. Lostutter's sentence, including his criminal history and background, deterrence, public safety, the need for correctional treatment, and disparate sentencing issues. Neither defense counsel nor Mr. Lostutter objected to the court's determination to revoke his supervised release or impose a six-month term of imprisonment and thirty-months of supervision. Because of all this, Mr. Lostutter will not be able to overcome the rebuttable presumption of reasonableness applicable to his below Guidelines sentence on this record.

## CONCLUSION

Based on the foregoing, Mr. Lostutter respectfully requests that this Court reverse the sentence imposed by the district court and remand for resentencing.

Respectfully submitted,


s/ *Vicki Lynn Ward*
Vicki Lynn Ward (Ohio 0030905)
The Bradley Building
1220 West Sixth Street, Suite 203
Cleveland, Ohio 44113
Telephone: (216) 696-5580

Case No. 19-5370

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee*,

v.

DERIC LOSTUTTER,
    *Defendant-Appellant*.

_____

## DESIGNATION OF RELEVANT
## DISTRICT COURT DOCUMENTS

_____

    Defendant-Appellant, pursuant to Sixth Circuit Rule 30(g), hereby designates the following filings in the record of the District Court and this Court as items to be included in the Addendum:

| DESCRIPTION OF ENTRY | DOCKET ENTRY NUMBER | PAGE ID# RANGE |
|---|---|---|
| Indictment | 1 | 1-9 |
| Plea Agreement | 72 | 501-07 |
| Judgment | 109 | 740-46 |
| Pet. Warrant/Summons Offender Under Supervision | 179 | 1310-11 |
| Summon | 181 | -- |
| Revocation Judgment | 188 | 1323-28 |

| | | |
|---|---|---|
| Notice of Appeal | 189 | 1329-31 |
| Supervised Release Revocation Hr'g Tr. | 198 | 1355-57 |

Respectfully submitted,


s/ *Vicki Lynn Ward*
Vicki Lynn Ward (Ohio 0030905)

## CERTIFICATE OF COMPLIANCE

The undersigned hereby certifies that this brief complies with the requirements of the type-volume limitation of Rule 32(a)(7)(B), Federal Rules of Appellate Procedure, as it contains 2,408 words, excluding the table of contents, table of citations, statement regarding oral argument, any addendum, and the certificates of counsel.

*s/ Vicki Lynn Ward*
Vicki Lynn Ward

## CERTIFICATE OF SERVICE

I, Vicki Lynn Ward, hereby certify that a copy of the foregoing Motion was forwarded via the electronic filing system, along with a copy of the Anders Brief, filed concurrently herewith, to: Dmitriy Slavin, Assistant United States Attorney, 260 West Vine Street, Suite 300, Lexington, Kentucky 40507. Further, I hereby certify that I served a copy of the foregoing Motion, along with a copy of the Anders Brief, filed concurrently herewith, on Mr. Lostutter at his last known address: Mr. Deric Lostutter, Register No. 21103-032, FCI Petersburg Low, 1100 River Road, Hopewell, Virginia 23860. By letter accompanying service of this Motion on Mr. Lostutter, I have also advised him that, according to the provisions of 6 Cir. R. 12(c)(4)(C), (D), he has fourteen (14) days from the date of service of this motion in which to file a response in opposition to the motion, and twenty-one (21) days in which to file a brief in support of reversal of his sentence;

This, the 3d day of June, 2019.

BY:

_s/ Vicki Lynn Ward_____
Vicki Lynn Ward

**NOTICE: Pursuant to Sixth Circuit Rule 101(f)(3), Defendant-Appellant Deric Lostutter is hereby given notice that he has twenty-one (21) days from the date of service hereon in which to file a brief in support of reversal of the District Court's revocation of supervised release and the sentence imposed.**